UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHAULTON MITCHELL, | ) | 1:06-cv-00008-REC-SMS |
| Plaintiff, | ) ) ) | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (DOCS. 2, 8, 15) |
| v. | ) | |
| MS. GARCIA, et al., | ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT NO LATER THAN THIRTY |
| Defendants. | ) ) | DAYS AFTER SERVICE OF THIS ORDER (DOC. 1) |

Plaintiff is a state prisoner proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. Application to Proceed in Forma Pauperis

Pending before the Court is Plaintiff's application to proceed in forma pauperis, filed on January 3, 2006, February 8, 2006, and February 27, 2006.

Plaintiff has submitted a declaration and attachments that make the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C.

1

§ 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action.[1] No initial partial filing fee with be assessed by this order because Plaintiff has no funds in his prison trust account. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the filing fee in monthly payments of twenty percent of the preceding month's income credited to Plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening the Complaint

A. Screening Standard

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most

---

[1] The statutory filing fee for all civil actions except applications for writs of habeas corpus is $250.00. 28 U.S.C. § 1914(a).

2

favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); see also <u>Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc.</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. <u>Lopez v. Smith</u>, 203 F.3d at 1128.

Plaintiff seeks 1.3 million dollars for being in jail for no reason from deputy public defender Ms. Garcia, who allegedly was ineffective; Deputy District Attorney Ms. Howo, who allegedly handled herself in a discriminatory manner in court; Officer Compos, who testified that he contacted Plaintiff because of Plaintiff's race, and who allegedly detained Plaintiff for no reason other than his race; and Judges Jane Cardozo and Gary S. Austin, who allegedly allowed Plaintiff's rights to be violated in court. No additional facts are stated in the complaint.

B. <u>Civil Rights</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. <u>Gibson v. United States</u>, 781 F.2d 1334, 1338 (9th Cir. 1986).

Further, the statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by a plaintiff. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

1. <u>Defendants' Conduct</u>

Here, Plaintiff has failed to allege specific facts to link each of the named defendants with some affirmative act or

4

omission that resulted in an alleged deprivation of federally protected rights. Further, with respect to Defendant Compos, there is no allegation as to his office or status.

### 2. Immunity for Arrest

Plaintiff asserts that his detention by Officer Compos was based only upon his race. Plaintiff has not alleged that he suffered any damage as a result of the detention. Further, if Plaintiff seeks to recover for an arrest, it is established that law enforcement officers are entitled to immunity from civil damages liability for an assertedly wrongful arrest if a reasonable officer could have believed that probable cause existed to arrest the Plaintiff. Hunter v. Bryant, 502 U.S. 224, 227-28 (1991).

### 3. Judicial Immunity

Judges and officers whose functions bear a close association to the judicial process are entitled to absolute judicial immunity from damage actions under 42 U.S.C. § 1983 for judicial acts taken within the jurisdiction of their courts. Demoran v. Witt, 781 F.2d 155, 156 (9th Cir. 1986). A judge loses judicial immunity for judicial acts only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. Shucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988). The factors relevant in determining whether an act is judicial "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. 349, 356-357, 362 (1978). Judicial immunity is not lost by allegations

5

that a judge conspired with a third party. As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).

The allegations of the complaint before the Court establish that the judges are entitled to absolute judicial immunity. Plaintiff is complaining of actions or rulings made by the judges in cases pending before the respective courts. The actions or rulings made by the judges in connection with Plaintiff's cases to which the judges were assigned were within their jurisdiction.

### 4. Prosecutorial Immunity

Plaintiff appears to allege that a prosecutor is liable for actions undertaken in the prosecutorial role. State prosecutors are absolutely immune from civil liability for acts taken in their official capacity that are closely associated with the judicial process, such as initiating prosecution and presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 427, 430-431 (1976); Milstein v. Cooley, 257 F.3d 1004, 1008 (9th Cir. 2001). Plaintiff states a conclusion that Defendant Howo handled herself in a discriminatory manner against him in court. However, Plaintiff does not state facts warranting a conclusion that the prosecutor was acting outside her prosecutorial role.

### 5. Claims Relating to Convictions

Plaintiff states that an appeal is in effect. (Complt. at 3.) It is a reasonable inference from Plaintiff's status as a state prisoner and his statement that he has filed an appeal. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle

6

him to an earlier release, his sole federal remedy is a writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Young v. Kenny</u>, 907 F.2d 874 (9th Cir. 1990), <u>cert.</u> <u>denied</u> 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." <u>Heck v. Humphrey</u>, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." <u>Id</u>. at 488.

To the extent that Plaintiff is seeking damages for a past conviction, Plaintiff has not shown that his conviction has been reversed or expunged.

To the extent that Plaintiff may be complaining of the legal effect of Defendants' actions on the legality of his detention in connection with any pending state court action, Plaintiff's claim would generally be more appropriately brought in a habeas corpus proceeding. A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485, 93 S.Ct. 1827, 1833 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section

2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement and obtain injunctive relief. See McCarthy v. Bronson, 500 U.S. 136, 141-42, 111 S.Ct. 1737, 1741-42 (1991); Preiser, 411 U.S. at 499, 93 S.Ct. at 1841; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

If Plaintiff is seeking this Court to intervene in the state court criminal proceedings, Plaintiff is informed that generally the federal writ of habeas corpus will not extend to one awaiting trial unless special circumstances exist such that there is an absence of state processes effective to protect a federal right. See Ex Parte Royall, 117 U.S. 241, 245-254 (1886); Fay v. Noia, 372 U.S. 391, 420 (1963), overruled in part by Wainwright v. Sykes, 433 U.S. 72 (1977) and Coleman v. Thompson, 501 U.S. 722 (1991). Further, it is established that federal courts will not interfere with pending state criminal proceedings unless the petitioner has exhausted all state court remedies with respect to the claim raised. See Mannes v. Gillespie, 967 F.2d 1310, 1311-1312 (9th Cir. 1992).

### 6. State Action

In order to recover under § 1983, Plaintiff must allege and prove that Defendants acted under color of state law to deprive Plaintiff of a right secured by the Constitution or federal statute. Karim-Panahi v.Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). It is established that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal

8

proceeding. <u>Polk County v. Dodson</u>, 454 U.S. 312, 317, 325 (1981); <u>Rivera v. Green</u>, 775 F.2d 1381, 1384 (9th Cir. 1985).

It appears that Ms. Garcia, Plaintiff's public defender, was performing a lawyer's traditional function, namely, representation of Plaintiff, in engaging in the conduct stated in the complaint.

### 7. <u>Plaintiff's Letter</u>

On January 17, 2006, there was filed a letter from Plaintiff stating that he meant to sue entities other than the defendants named in the complaint and asked for directions on how to correct his mistake. In view of the fact that this Court is now permitting Plaintiff to amend his complaint, Plaintiff's request stated in his letter is now moot. Plaintiff may amend his complaint as he sees fit.

### III. <u>Amendment of the Complaint</u>

In summary, because of the defects noted above, Plaintiff's complaint fails to state a claim against the defendants. The Court finds it necessary to dismiss the complaint in its entirety. However, it is possible that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. Thus, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

9

notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

In addition, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1) Plaintiff's application to proceed in forma pauperis IS GRANTED; and

2) Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action; Plaintiff is not assessed an initial partial filing fee; all fees shall be collected and paid in accordance with this Court's order to the Director of the California Department of Corrections filed concurrently herewith; and

3) Plaintiff's complaint IS DISMISSED with leave to amend; and

4) Plaintiff IS GRANTED thirty days from the date of service

of this order to file a first amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will result in Plaintiff's being considered to have failed to state a claim and to have failed to comply with an order of the Court pursuant to Local Rule 11-110; it will result in dismissal of this action.

IT IS SO ORDERED.

**Dated:   March 8, 2006**                    /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE