```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA


SHAULTON MITCHELL,              ) 1:06-cv-00008-REC-SMS
                                )
          Plaintiff,            ) ORDER CONSTRUING PLAINTIFF'S
                                ) REPLY TO BE A FIRST AMENDED
                                ) COMPLAINT (DOC. 18)
     v.                         )
                                ) FINDINGS AND RECOMMENDATION TO
MS. GARCIA, et al.,             ) DISMISS ACTION WITH PREJUDICE FOR
                                ) FAILURE TO STATE A CLAIM (DOC.
          Defendants.           ) 18)
                                )
_____  )
```

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

Plaintiff's original complaint, filed on January 3, 2006, was dismissed by the Court with leave to amend within thirty days by order filed on March 9, 2006, and served on Plaintiff on the same date.

I. <u>Reply is Deemed to Be a First Amended Complaint</u>

Plaintiff filed a document entitled, "Completing Court Order First Amended Reply with Thirty Days," on April 19, 2006. Review

of the document shows that it is an amended pleading, and thus the Court CONSTRUES Plaintiff's reply as a first amended complaint (FAC).

II. <u>Screening the Complaint</u>

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See <u>Hishon v. King &</u>

2

1  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355
2  U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log
3  Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).
4  Dismissal of a pro se complaint for failure to state a claim is
5  proper only where it is obvious that the Plaintiff cannot prevail
6  on the facts that he has alleged and that an opportunity to amend
7  would be futile. Lopez v. Smith, 203 F.3d at 1128.
8     Here, the complaint was received a filed a few days late,
9  but because Plaintiff substantially complied with the Court's
10 order to file a FAC, the slight tardiness of the filing will be
11 excused.
12    In the FAC, Plaintiff seeks unspecified relief based on his
13 conviction in Fresno County Superior Court of an offense
14 involving a controlled substance. Plaintiff names the State of
15 California as a defendant in the caption, but he complains of a
16 due process violation by Deputy District Attorney Howo's delay in
17 turning over discovery documents, a misstatement by her in
18 closing argument that Plaintiff had confessed, and her failure to
19 identify a rebuttal witnesses; a violation by Judge Cardozo of
20 unspecified rights by denying a motion to suppress evidence based
21 on an arrest or detention without any evidence that Plaintiff
22 committed or was about to commit a crime; arrest by Officer
23 Compos for the sole reason of Plaintiff's race; ineffective
24 assistance of Ms. Garcia, who was Plaintiff's counsel for at
25 least part of the criminal proceedings, by failing to interview
26 or call witnesses, make pretrial motions, prepare for trial, make
27 unspecified arguments regarding Officer Compos's interrogation of
28 Plaintiff, and mentioning Plaintiff's prior conviction repeatedly

3

in final argument; and Judge Austin's failure to permit Plaintiff's counsel to cross-examine a witness, grant a mistrial motion, and his admission of hearsay evidence.

### III. Civil Rights Action

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Further, the statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by a plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4

III. <u>Judicial Immunity</u>

Judges and officers whose functions bear a close association to the judicial process are entitled to absolute judicial immunity from damage actions under 42 U.S.C. § 1983 for judicial acts taken within the jurisdiction of their courts. <u>Demoran v. Witt</u>, 781 F.2d 155, 156 (9th Cir. 1986). A judge loses judicial immunity for judicial acts only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. <u>Shucker v. Rockwood</u>, 846 F.2d 1202, 1204 (9th Cir. 1988). The factors relevant in determining whether an act is judicial "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-357, 362 (1978). Judicial immunity is not lost by allegations that a judge conspired with a third party. As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1078 (9th Cir. 1986).

The allegations of the FAC before the Court establish that the judges are entitled to absolute judicial immunity. Plaintiff is complaining of actions or rulings made by the judges in a case pending before the court. The actions or rulings made by the judges in connection with Plaintiff's case to which the judges were assigned were within their jurisdiction.

IV. <u>Prosecutorial Immunity</u>

Plaintiff appears to allege that a prosecutor is liable for actions undertaken in the prosecutorial role. State prosecutors

5

are absolutely immune from civil liability for acts taken in their official capacity that are closely associated with the judicial process, such as initiating prosecution and presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 427, 430-431 (1976); Milstein v. Cooley, 257 F.3d 1004, 1008 (9th Cir. 2001). Plaintiff does not state facts warranting a conclusion that the prosecutor was acting outside her prosecutorial role.

V. Actions by Counsel not under Color of Law

In order to recover under § 1983, Plaintiff must allege and prove that Defendants acted under color of state law to deprive Plaintiff of a right secured by the Constitution or federal statute. Karim-Panahi v.Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). It is established that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 317, 325 (1981); Rivera v. Green, 775 F.2d 1381, 1384 (9th Cir. 1985).

It appears that Ms. Garcia, Plaintiff's counsel and perhaps Plaintiff's public defender, was performing a lawyer's traditional function, namely, representation of Plaintiff, in engaging in the conduct stated in the complaint. Hence, Plaintiff has not alleged conduct under color of law with respect to Ms. Garcia.

VI. Claims Relating to Convictions

The FAC shows that Plaintiff all Plaintiff's complaints alleged in the FAC pertain to injuries alleged to have been received in the course of Plaintiff's criminal trial. To the extent that Plaintiff may be complaining of the effect of

6

Defendants' actions on the legality of his detention in connection with any pending state court action, Plaintiff's claim would generally be more appropriately brought in a habeas corpus proceeding. A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S.Ct. 1827, 1833 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement and obtain injunctive relief. See McCarthy v. Bronson, 500 U.S. 136, 141-42, 111 S.Ct. 1737, 1741-42 (1991); Preiser, 411 U.S. at 499, 93 S.Ct. at 1841; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

   Plaintiff does not specify in the FAC the relief he is seeking. To the extent that Plaintiff is complaining of the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

   If Plaintiff is seeking this Court to intervene in the state court criminal proceedings, Plaintiff is informed that generally the federal writ of habeas corpus will not extend to one awaiting

trial unless special circumstances exist such that there is an absence of state processes effective to protect a federal right. See Ex Parte Royall, 117 U.S. 241, 245-254 (1886); Fay v. Noia, 372 U.S. 391, 420 (1963), overruled in part by Wainwright v. Sykes, 433 U.S. 72 (1977) and Coleman v. Thompson, 501 U.S. 722 (1991). There is no allegation of an absence of state processes.

Further, it is established that federal courts will not interfere with pending state criminal proceedings unless the petitioner has exhausted all state court remedies with respect to the claim raised. See Mannes v. Gillespie, 967 F.2d 1310, 1311-1312 (9th Cir. 1992). Here, Plaintiff has not alleged exhaustion of any state court remedies.

To the extent that Plaintiff seeks damages pursuant to § 1983 for an allegedly unconstitutional conviction or imprisonment, he must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

To the extent that Plaintiff is seeking damages for a past conviction, Plaintiff has not shown that his conviction has been reversed or expunged.

VII. No Leave to Amend

In the Court's previous order dismissing the complaint with

8

leave to amend, Plaintiff was informed of the foregoing legal standards and was given an opportunity to amend his complaint to allege invalidation of his state conviction, conduct constituting action undertaken under color of state law, and conduct not subject to immunity. Plaintiff's first amended complaint is subject to the same defects as the original complaint. There is no basis for inferring that it is possible that Plaintiff can remedy the defects outlined hereinabove, and it appears that giving Plaintiff another opportunity to amend the complaint would be futile. It does not appear that the deficiencies of the complaint can be cured by amendment or that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief.

III. Recommendation

Accordingly, it IS RECOMMENDED that

1. The complaint BE DISMISSED without leave to amend and with prejudice for failure to state a claim; and

2. The Clerk of Court BE DIRECTED to enter judgment for Defendant because the dismissal would terminate the action in its entirety.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings

9

and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 28, 2006**                   /s/ Sandra M. Snyder
icido3                                                  UNITED STATES MAGISTRATE JUDGE